## N. Y. COMMON PLEAS.

JOHN F. WALLACE *et al.* executors, agt. MICHAEL FEELY *et al.*

*Mortgage foreclosure — Sale — When two or more buildings may be sold in one parcel — Code of Civil Procedure, section 1678 — The word " must " in this section directory merely.*

The word "must," in section 1678 of the Code of Civil Procedure, is directory merely, and a foreclosure sale of two buildings is not invalidated because they have been sold together.

The question whether a sale in one parcel is proper or not, is one that must be determined by the circumstances of each case.

*Special Term, May,* 1881.

*John Hayes*, for plaintiff.

*Turner Lee & McClure*, for purchaser.

J. F. DALY, *J.*— The only important objection is that the premises were sold in one parcel. They consisted of four buildings situated on one corner city lot, no access to any one being obtained through any other. The Code of Civil Procedure (*sec.* 1678) provides that "if the property consists of two or more distinct buildings, farms or lots, they must be sold separately; except where two or more buildings are situated on the same city lot and access to one is obtained through the other they may be sold together." The question is whether this provision is directory merely, as the provisions of the former statute regulating judicial sales (2 *R. S.*, 326) were held to be (*Cunningham* agt. *Cassidy*, 17 N. Y., 276). That statute enacted that if the premises consist of distinct buildings they shall be sold separately. The reason of the codifiers for substituting must for shall is not apparent; they give no explanation in their note to the section. The substituted word is more imperative than that which it replaces. As verbal alterations occur frequently in the new Code without apparent reason, the change in question loses much of its significance.

The reasons for holding the former enactment to be directory merely are applicable in every respect to the new. No different construction could be adopted without doing in certain cases great injury. Here it is conclusively shown that if the separate buildings on this lot had been separately sold the aggregate price brought would be from $5,000 to $7,000 less than what was actually obtained at the sale in one parcel. The question whether a sale in one parcel is proper or not is one that must be determined by the circumstances of each case.

The death of the mortgagor and owner of the equity of redemption since the sale, leaving infant children who are not

represented on this motion, does not present any difficulty in determining whether the purchaser is or is not bound to take title. Up to this time no objection to the mode of sale has been made on behalf of the deceased, or on behalf of his children. As he had notice of the proceedings, and was chargeable with notice of the manner of sale and acquiesced in it, he would be estopped from objecting afterwards, and his heirs are through him equally estopped by his acquiescence.

A bargain and sale deed from John F. Wallace will vest his interest in the purchaser.

The stipulation of the attorneys for the defendant James Flannagan cures the defect in the service of the notice of application for judgment, &c.

Application denied, without costs.