[Civil No. 290.  Filed September 2, 1890.]

[73 Pac. 448.]

THE COUNTY OF COCHISE, Plaintiff and Appellant, v. A. J. RITTER, as County Treasurer and ex-officio Tax Collector of said County, et al., Defendants and Appellees.

1. APPEAL AND ERROR—ASSIGNMENT OF ERRORS—FAILURE TO ASSIGN ERROR WAIVES ERRORS NOT FUNDAMENTAL—PRACTICE—MOTION TO DISMISS APPEAL.—A motion to dismiss an appeal upon the ground that there is no assignment of error in the record must prevail unless the record shows error on its face.

2. OFFICERS—OFFICIAL BOND—WITHDRAWAL OF SURETY—RELEASES ALL —LAWS 1883, PP. 158, 159, No. 63, CONSTRUED—MUST GIVE NEW BOND.—When a surety upon the joint and several bond of a county officer gives notice of his desire to be released from all further liability thereon, in conformity to statute, *supra,* such withdrawal operates as a release of all the sureties. The statute requires in such an event the officer to give, not other or additional surety, but a new bond.

3. SAME—SAME—STATUTE PART OF CONTRACT—REPEAL—REV. STATS. ARIZ. 1887, PAR. 3101, CITED—IMPAIRING OBLIGATION OF CONTRACT. —A statute in force at the time a bond is given becomes a part of the contract and any subsequent act of the legislature cannot vary the contract without the consent of the sureties.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. William H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Clark Churchill, Attorney-General, and W. H. Stilwell, District Attorney, for Appellant.

Defendants contend that the withdrawal of said Costello as surety in October, 1887, worked a release of all the other sureties on said bond, and cite *People* v. *Buster,* 11 Cal. 215.

This bond was given under act No. 63, approved March 6, 1883. Section 7 enumerates the breaches for which the principal and sureties shall be held liable "during the time such

officer shall continue to perform any of the duties of, or hold such office, *unless the surety or sureties be released therefrom, as hereinafter provided."* Section 12 provides that, *"In no case shall the original be discharged by the filing of an additional or new bond."* Section 15 provides the manner in which a surety may be released from the obligations of the bond.

There was but one way in which any surety of the first bond could be relieved from his obligation,—viz., by complying with the provisions of section 15, and but one surety was so released. After the release of one surety, the others not desiring to be released, and not availing themselves of the only way provided by statute by which they could be released, were held and bound to the obligations of their bond as fully as they were prior to the release of one of the sureties. No surety can be released except in the manner provided by statute—section 7 above quoted.

Jeffords & Franklin, Herring & Herring, Ben Goodrich, and G. W. Lorain, for Appellees.

It is well established at common law that the release of one surety on a bond without the consent of the other sureties will release them also. Therefore the release of Martin Costello by the board of supervisors without the knowledge or consent of the other sureties discharged all.

The common law on this subject is not changed by the act of March 6, 1883, of the Session Laws of Arizona, p. 158, under which the bond was given.

The case of *People* v. *Buster,* 11 Cal. 215, is decisive. The court says: "A surety has the right to stand on the precise terms of his contract. He can be held to no other or different contract. In this case, the sureties all contracted together with reference to the common responsibility. In case of a breach or loss, each surety had his recourse for contribution upon his fellows. The discharge of any of the obligors affected the contract as to all. It made it indeed a different contract from that made by the parties."

SLOAN, J.—A motion to dismiss the appeal in this action was made by appellees, upon the ground that there is no assignment of error in the record. The motion must prevail

unless the record shows error upon its face. The record before us consists of the complaint, separate answers of the defendants, and judgment of the court sustaining demurrers and dismissing the action. We will briefly consider the question presented by the pleadings, with a view of ascertaining if there be error in the judgment of the court thereon.

The action was brought by the county of Cochise against A. J. Ritter, and the sureties upon two bonds given by said Ritter, as treasurer and *ex-officio* tax collector of said county. The complaint recites that the defendant was at the November, 1886, election, duly elected to the office of treasurer and *ex-officio* tax collector of said county of Cochise, and thereafter duly qualified and entered upon the duties of said office. That in the month of May, 1887, the official bond given by Ritter, as treasurer and *ex-officio* tax collector, having become insufficient, said Ritter, by an order of the board of supervisors of said county, was required to furnish a new bond with sureties in the sum of one hundred thousand dollars, which order was duly complied with by Ritter. That thereafter, in the month of October, 1887, Martin Costello, one of the sureties upon the last-named bond, withdrew therefrom, and was released from any further obligation as such surety, and said Ritter was by said board required to give an additional bond in the sum for which said Costello was originally bound. That said additional bond was by said Ritter given, and by said board approved and duly filed. The complaint further states that after said additional bond had been given, and while both it and the bond given in May, 1887, were in force and effect, Ritter, in breach of said bonds, unlawfully appropriated to his own use certain sums of money which he had received as such treasurer and *ex-officio* tax collector, and had heretofore failed and refused to replace the same upon lawful demand. Judgment is asked for against Ritter and the sureties upon the last-mentioned bonds. The defendants separately demurred to the complaint, upon the ground that it failed to state a cause of action. The court sustained the demurrers to the complaint as to all the defendants except Ritter, but, the plaintiff declining to amend or to proceed against Ritter separately, and electing to stand upon the complaint, the action was dismissed.

The facts stated in the complaint, although sufficient to maintain the action against the defendant Ritter, showed no cause of action as against the defendant sureties for any defalcation by Ritter subsequent to the withdrawal and the release of Costello from the original bond sued upon, and the demurrer was properly sustained as to them.   At common law the release of one surety upon a joint and several bond operates as a discharge of the whole.   This rule is adhered to with great strictness, and only when the legislature has clearly ordained otherwise is it departed from.   The statute in force at the time the original bond sued upon was given was the act approved March 6, 1883, (Laws 1883, pp. 158, 159, No. 63).   So far as it pertains to the subject it reads as follows:—

"Sec. 15.  Any surety on the official bond of any officer may be released from any liability thereafter incurred in the following manner, to wit: Such person shall file with the officer authorized by law to approve such official bond a statement in writing, setting forth the desire of said surety to be released from all further liability therefor, which statement shall be signed by the party making the request, and a copy of the statement shall be served on the officer named in such official bond, and due return made thereof.

"Sec. 16.  If within ten days after such service is made as required in the preceding section, said officer shall fail, neglect, or refuse to file a new bond, such surety shall be released from any liability incurred by said officer thereafter, and the office shall become vacant, and such vacancy shall be filled by the person or board authorized by law to fill the same upon proof of due service of a copy of such statement."

It is clear from the reading of these sections that the legislature did not intend that upon the withdrawal of a surety the officer was merely to furnish a bond which should be cumulative or additional to the original bond.   He was required in such an event to give, not other or additional surety, but a bond which would take the place of the old one.   A failure to give such bond within ten days after notice of the application of any surety for release by the statute worked a vacancy in the office.   It cannot be inferred that the legislature intended by this to continue in force the old bond for future

liabilities and to change the common-law rule as to such obligations. We think the case of *People* v. *Buster,* 11 Cal. 215, in construing a very similar statute, correctly states the rule, and is decisive on that point. Very probably the board of supervisors, when they made the order releasing Costello and approving the additional bond given by Ritter, had in view the act of 1887 (par. 3101, Rev. St. Ariz. 1887), which permitted this to be done without affecting the liability of the other sureties upon the original bond. But it is to be remembered that the statute in force at the time a bond is given becomes part of the contract, as much so as if recited in the bond in precise terms. Any subsequent act of the legislature cannot vary the contract or change the liability or increase the obligation of the sureties without their consent. To hold otherwise would be to hold that the legislature may by act impair the obligation of a contract.

In the absence of any assignment of error, and no error appearing on the face of the record, the judgment of the court below is affirmed.

Kibbey, J., concurs.