(18 Misc. Rep. 173.)

### UHLFELDER et al. v. TAMSEN.

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

1. PARTIES—INTERVENTION.
    An execution debtor has an "interest in the subject" of an action by a claimant to recover from the sheriff the goods levied on (Code Civ. Proc. § 452), so as to entitle him to intervene.

2. SAME—IMPOSING CONDITIONS.
    Under Code Civ. Proc. § 452, providing that the court "must," on application, direct the bringing in of any party interested in the subject of the action, the court may impose conditions on granting the right to intervene. Lawton v. Lawton, 7 N. Y. Supp. 556, 54 Hun, 415, disapproved.

Appeal from city court of New York, general term.

Action by Simon Uhlfelder and another against Edward J. H. Tamsen. From an order of the city court (40 N. Y. Supp. 372) modifying an order of the special term by striking therefrom a provision requiring the giving of an undertaking as a condition to allowing certain persons to intervene as defendants under Code Civ. Proc. § 452, plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Burritt S. Stone, for the sheriff.
Arthur Furber, for appellants.
Jacob Barnett, for respondent.

DALY, P. J. The plaintiffs commenced this action to recover from the sheriff certain goods levied upon under execution, claiming such goods to be their property, and thereupon the debtors in the execution applied to the court to intervene as parties defendant under the provision of the Code (section 452):

"Where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The application of the judgment debtors was properly granted by the court, as they have an interest in the subject of the action brought by third parties, claiming title to the property which had been levied upon by the sheriff. They have an interest, first, to have their property go in discharge of their own debt, and next to save and retain any possible surplus beyond; and it is their title which is involved. Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982. But the court at special term required the applicants to give an undertaking to pay all costs, not exceeding $250, which might be ultimately awarded to the plaintiff against the sheriff, the present defendant. In default thereof the motion to intervene was denied. The city court at general term held that it had no power to impose such a condition.

It has been held in several cases that where a person having an interest which entitled him to be made a party applies to be brought in the court has no power to impose conditions. Lawton v. Lawton, 54 Hun, 415, 7 N. Y. Supp. 556; Earle v. Hart, 20 Hun, 75; Haas v. Craighead, 19 Hun, 396. This was so decided on the ground that the Code was peremptory, and the right absolute. The court of appeals has not directly passed upon the question, but the language of the opinion in the case of Rosenberg v. Salomon, supra, is significant. The affirmance by the court of the order of the general term granting the application to intervene is placed upon the "permission" of section 452, and on the ground "that the power to make the order was given by the Code." In view of the construction placed by the supreme court in the three cases cited upon the imperative language of the section, these are very guarded expressions. It would seem that the court of last resort was not ready to approve the rule which would tie the hands of the court in every case where a party claimed the right to intervene as a defendant. Cases may arise showing the

necessity of reserving the power to impose reasonable conditions. In general, the necessity of application to the court for an order supposes the existence of some discretion in granting or refusing it, otherwise the application is a mere formality. Insurance Soc. v. Stevens, 63 N. Y. 341. I apprehend that an application to the court was required by the legislature in order that proper provisions might be made for the protection of the parties already before it. What stronger case would be presented than an application by an insolvent judgment debtor to litigation with a solvent plaintiff, while the execution creditor takes no step to protect his levy, and might be suspected of taking this means of defending the lawsuit without incurring liability for costs. There is nothing in the use of the imperative words "must direct him to be brought in" which deprives the court of the power to impose terms. The legislature has not declared that terms shall not be imposed. In construing this section regard must be had to the meaning given the word "must" in other enactments. Although in Eaton v. Alger, 57 Barb. 179, 190, in speaking of the requirement of the Old Code (1848) § 111 (New Code [1888] § 449), that "every action must be prosecuted in the name of the real party in interest," the court said: "The act is emphatic. It uses the Saxon word 'must' (a verb which has not yet been twisted by judicial construction, like the words 'may' and 'shall,' into meaning something else), to place beyond doubt or cavil what it intended,"—yet what the learned judge apparently feared has come to pass. The court of appeals, in speaking of the same word, has used this language: "While it is said in section 873 that the judge 'must' grant an order [for an examination before trial] when an affidavit conforming to the requirements of the previous section is presented to him, yet we do not think that the language is absolutely mandatory, and that it was intended to deprive the judge of discretion." Jenkins v. Putnam, 106 N. Y. 272–275, 18 N. E. 613. So in Wallace v. Feely, 61 How. Prac. 225, affirmed in 88 N. Y. 646, in construing section 1678 of the present Code, relating to judicial sales, which then read, "If the property consists of two or more distinct buildings, farms or lots, they must be sold separately," it is said:

"The question is whether this provision is directory merely, as the provisions of the former statute regulating judicial sales (2 Rev. St. p. 326) were held to be. Cunningham v. Cassidy, 17 N. Y. 276. That statute enacted that if the premises consist of distinct buildings they shall be sold separately. The reason of the codifiers for substituting 'must' for 'shall' is not apparent; they give no explanation in their note to the section. The substituted word is more imperative than that which it replaces. As verbal alterations occur frequently in the New Code without apparent reason, the change in question loses much of its significance. The reasons for holding the former enactment to be directory merely are applicable in every respect to the new. No different construction could be adopted without doing in certain cases great injury. Here it is conclusively shown that if the separate buildings on this lot had been separately sold the aggregate price brought would be from $5,000 to $7,000 less than what was actually obtained at the sale in one parcel."

This decision of the special term of the common pleas was affirmed in the court of appeals, as above stated; and it is interesting to observe that within a short time after that decision was rendered the legislature restored the word "shall," thus reverting to the former

language of the statute in that respect, and moreover adding the clause "unless otherwise ordered by the court"; thereby showing unmistakably an acquiescence in the view that too rigid a rule was undesirable, that it might work injury in many cases. The true principle seems to be that the mere use of the word "must" in the statute does not necessarily render the statute mandatory and deprive the courts of all discretion in applying it. For, in the nature of things, the circumstances of different cases may so vary that it would be desirable that some latitude be allowed to the court in acting under the statute, and it should be presumed that such was the intention of the legislature, notwithstanding the words employed. As the conclusion reached is not in accordance with the rule heretofore prevailing in the supreme court, we shall direct that an appeal may be taken from this decision to the appellate division of this district, if desired by any of the parties, in order that the question may be finally determined. So much of the order of the general term as modifies the order of the special term is reversed, and this cause is remitted to the general term of the city court for the exercise of its discretion with respect to the imposition of terms upon granting the application to intervene. No costs to any party of this appeal.