In the Matter of the Estate of EDMUND G. THURBER, an Incompetent Person.

AMERICAN SURETY COMPANY, OF NEW YORK, Petitioner, Appellant; FANNIE C. THURBER, Committee, Respondent.

1. REVIEW OF ORDER BASED UPON WANT OF POWER. Where an order appealed from states that the determination of the Appellate Division was based upon a want of power to grant the application, without considering the question of discretion, a question of law is presented which it is the duty of the Court of Appeals to review, even if the courts below might have denied the application in the exercise of discretion.

2. RIGHT OF SURETY COMPANY TO BE RELEASED UNDER SECTION 812 CODE OF CIVIL PROCEDURE — WHEN NOT WAIVED.  Fidelity and surety companies, being authorized to contract as sureties upon official bonds under section 812 of the Code of Civil Procedure, are not excepted from the provisions thereof, authorizing "sureties upon certain official bonds to petition for release from liability" thereunder, and can avail themselves, in proper cases, of such remedies as the Code provides for sureties generally ; and a surety company does not waive such rights by accepting a contract of indemnity which expressly provides that acceptance of security or consideration should not "limit or abridge any right or remedy which the surety otherwise might have."

3. DISCRETIONARY POWER OF COURT.  The provision of section 812 of the Code of Civil Procedure, that the court "must issue an order" to the principal requiring him "to show cause" why he should not account and give new sureties, is not a mere substitute for a notice of motion, but is part of a special remedy and implies that cause may be shown.  The court has a discretion to exercise depending on the facts in the case, and is not commanded to make a decree requiring the principal to show cause regardless of those facts.  The expression "a decree must be made" means, under the circumstances, "a decree may be made."

*Matter of Thurber*, 43 App. Div. 528, reversed.

(Argued February 26, 1900;  decided March 13, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made October 3, 1899, affirming an order of Special Term denying the application of petitioner to be released as surety upon the bond of the respondent herein.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Edwin Countryman* for appellant.  The statement contained in the order of affirmance relieves this court from considering any question except the one proposition of law which that certificate presents.  (*Tolman* v. *S., B. & N. Y. R. R. Co.*, 92 N. Y. 353.)  Surety companies come before the courts precisely as would private individuals who are doing the same thing in the same way; and this appellant stands before the court precisely as would a private individual who, for the same consideration and on the same terms, had entered into the obligation, and is, therefore, clearly within

the provisions of section 812 of the Code of Civil Procedure. (Const. N. Y. art. 8; Code Civ. Pro. § 1538.) The fact that the section requires an order to show cause does not imply that the surety cannot claim a discharge as a matter of right. (*Lewis* v. *Watson*, 3 Redf. 43; *Stevens* v. *Stevens*, 3 Redf. 507; *Shook* v. *Goddard*, 2 Dem. 201.)

*Raymond C. Haff* for respondent. If section 812 of the Code of Civil Procedure was intended to reach the case of a surety who became such by reason of a valuable consideration, as well as the ordinary gratuitous surety, it impairs the obligation of a contract and is *pro tanto* void. (*Pringle* v. *L. I. R. R. Co.*, 157 N. Y. 100.) Section 812 of the Code of Civil Procedure, providing for the discharge of a surety upon his own application, does not apply to surety companies. (L. 1881, ch. 486.) A surety company who became surety for a valuable consideration is not entitled to be discharged against the wishes of the principal, where no such right is reserved to the company in the contract, and the moving papers fail to show any breach by the principal of the obligation or that the surety company has suffered, or is liable to suffer, any damage. (Code Civ. Pro. § 812; *Hayes* v. *Davidson*, 98 N. Y. 19; *Levy* v. *Dunn*, 160 N. Y. 504.)

VANN, J. This proceeding was commenced by an application made by the American Surety Company of New York, under section 812 of the Code of Civil Procedure, to be released as surety upon the bond of Fannie C. Thurber, the committee of Edmund G. Thurber, an incompetent person.

In October, 1897, Edmund G. Thurber was adjudged a lunatic, and Fannie C. Thurber was appointed his committee upon giving a bond in the usual form in the penalty of $50,000. The bond was given on the 20th of August, 1898, the American Surety Company signing the same as surety in consideration of $50, paid down by Mrs. Thurber, and the agreement to pay $25 a year annually thereafter while the bond was in force. Before signing the bond the surety company

accepted a contract from Mrs. Thurber, whereby she agreed, among other things, to hold the company harmless, notify it of suits and deposit any moneys coming into her hands in an accredited trust company, the same to be withdrawn only upon checks signed by her as committee and countersigned by the surety company or its representative. It was also provided that "this agreement shall not, nor shall acceptance by the surety of payment for its suretyship, nor agreement to accept, nor acceptance by it at any time of other security, in any way abridge, defer or limit its right to be subrogated to any right or remedy, or limit or abridge any right or remedy which the surety otherwise might or may have, acquire, exercise or enforce."

In February, 1899, while the bond was still in force, an order was granted, upon the petition of the company, requiring Mrs. Thurber to show cause why she should not furnish new sureties and render an account as committee or be removed from that position. She tried to show cause by presenting an affidavit establishing perfect regularity of procedure on her part as committee, and alleging that the company was acting through ulterior motives induced by the lunatic's relatives, who had refused to recognize her as his wife or their child as his legitimate son. She charged that their object was to prevent her from prosecuting certain actions to set aside contracts, made by the lunatic, in which one of their number was interested. She made out a strong case of hardship and injustice, which would have authorized the court, if its power is discretionary, to exercise its discretion by denying the motion. The Special Term denied the application upon the ground that section 812 of the Code was not intended to apply to the case of a surety for consideration, as distinguished from a gratuitous surety. Among the recitals of the order, as finally entered, is the statement that the company, on the argument of the motion, offered to return to Mrs. Thurber the premium paid by her.

The Appellate Division stated in its order of affirmance that it was "made upon the ground that the provisions of sec-

tion 812 of the Code of Civil Procedure, providing for the release or discharge of sureties from further liability, or liability for a subsequent act or default of the principal, do not apply to this case, the surety here being a corporation organized for surety purposes, and having become surety herein for compensation, and pursuant to a contract appearing on the record."

As it appears in the order appealed from that the determination of the Appellate Division was based on a want of power to grant the application, a question of law is presented which it is our duty to review, even if the courts below might have denied the application in the exercise of discretion. (*Tolman v. S., B. & N. Y. R. R. Co.*, 92 N. Y. 354.) The order states in effect that the court simply decided the question of power without considering the question of discretion.

The power of the court depends on the construction of section 812 of the Code of Civil Procedure, which occurs in an article entitled " General Regulations respecting Bonds and Undertakings." It is provided by section 810, which is the beginning of the article, that a bond or undertaking given in an action or special proceeding must be acknowledged or proved and certified in like manner as a deed to be recorded. Section 811 provides, among other things, that " the execution of any such bond or undertaking by any fidelity or surety company authorized by the laws of this state to transact business, shall be equivalent to the execution of said bond or undertaking by two sureties, and such company, if excepted to, shall justify through its officers or attorney in the manner required by law of fidelity and surety companies." Section 812 requires the bond to be joint and several in form where two or more persons execute it, and " except when executed by a fidelity or surety company, or when otherwise expressly prescribed by law, it must be accompanied with the affidavit of each surety" as to his qualifications. After making other regulations relating to the subject, the section further provides that " the surety or sureties, or the representatives of any surety or sureties upon the bond of any trustee, committee     *     *     *     or other

fiduciary may present a petition to the court or judge that accepted such bond, praying to be relieved from further liability as such surety or sureties for the act or omission of the principal named in such bond occurring after the date of the order relieving such surety or sureties hereinafter provided for and that such principal be required to show cause why he should not account and give new sureties. Thereupon, the court or judge must issue an order to show cause accordingly and may restrain such principal from acting, except to preserve the trust estate until further order. Upon the return of the order so issued, if the principal in the bond file a new bond in the usual form to the satisfaction of the court or judge within such reasonable time, not exceeding five days, as the court or judge fixes, the court or judge must make a decree or order requiring the principal to account for all his acts and proceedings to and including the date of such order and to file such account within a time fixed not exceeding twenty days and releasing the surety or sureties petitioning from liability upon the bond for any subsequent act or default of the principal. If the principal fails so to file such bond within the time specified, *a decree must be made* revoking the appointment of such principal and requiring him to so account, and file such account within twenty days. After the filing of an account as required in this section, the court or judge must, upon the petition of the surety or sureties, or the representatives of such surety or sureties, issue an order requiring all persons interested in the estate or trust funds, to attend a settlement of such account at a time and place therein specified, and upon the trust fund or estate being found or made good and paid over or properly secured, the surety or sureties shall be discharged from any and all further liability upon such bond."

The argument in support of the position taken by the courts below is that while the general words " surety or sureties " are broad enough to embrace surety companies, as the legislature, when referring to such a company elsewhere in the section or the one preceding, named it in terms, and did not so name it

32

in the provisions authorizing the court to relieve a surety from further liability, it is presumed that there was no intention to give such a surety the right to apply for such relief.

That part of the Code of Civil Procedure which went into effect on the first of September, 1877, embraced sections 811 and 812, which then contained no authority to surety companies to sign bonds or undertakings, and no provision authorizing any surety to apply for the relief now authorized by the latter section. (L. 1877, ch. 318.) In 1881 an act was passed authorizing the acceptance of certain corporations as sureties upon bonds and undertakings required or allowed by law, and in 1893 another act was passed of the same character with more elaborate provisions. (L. 1881, ch. 486; L. 1893, ch. 720.) In 1886 section 811 of the Code was so amended as to authorize the execution of bonds or undertakings by fidelity or surety companies authorized to transact business in this state. (L. 1886, ch. 416.) In 1892 section 812 was amended so as to authorize sureties upon certain official bonds to petition for release from liability, and this is the first appearance of any provision upon that subject in the Code which we have been able to discover. (L. 1892, ch. 568.) In 1895 said section was further amended by inserting in the earlier part thereof the provisions relating to fidelity and surety companies, which now appear therein. (L. 1895, ch. 511.) At this time surety companies had been doing business throughout the state for a number of years, as the legislature, from its own action, is presumed to have known. When, therefore, it inserted a general provision relating to fidelity and surety companies in the earlier part of the section, if it had intended to except such companies from the provisions of the latter part, applying to sureties generally, the presumption is it would have said so in terms. It cannot be presumed that when amending the forepart of the section its members failed to read the remainder, or to comprehend the effect of the amendment upon the section as a whole. It allowed the general language, which theretofore had included all sureties authorized to sign bonds given in judicial proceedings, to

remain after the section was so extended as to include fidelity and surety companies. As they are expressly named in one part and named generally in another, with no exception or qualification, there is no adequate reason to believe that the legislature intended to exclude them from any part. There was no necessity for repeating the words "fidelity or surety companies" in order to make the section, as an entirety, apply to them, for they had already been named and were necessarily included, unless expressly excepted. As the legislature did not make any exception, we cannot, for there is no basis for an exception by implication. The section refers to any surety or sureties, and the appellant is a surety. Having contracted as a surety in the manner authorized by the Code, it can avail itself of such remedies as the Code provides for sureties generally.

Surety companies are a convenience to the community, and it is important that they should continue sound and able to respond to their obligations. The legislature doubtless intended to promote their stability by extending the same protection to them that it extends to other sureties. The contracts of such companies are usually based upon an annual premium for a continuing bond. If the premium were not paid after the first year and the company could not avail itself of the privilege of the statute, its responsibility would continue with no compensation, for the bond would still be in force. No company can do business on such a basis. Moreover, if the annual premiums are paid, but the principal is squandering the estate, how can a surety company protect itself? Through its officers it may inform those interested, and request action on their part, but if they reply, "you are good and we are safe," what relief is there unless it is under this section? If it cannot induce those ultimately entitled to the money or property to act, its condition is hopeless and bankruptcy may be the result. These considerations, and others of like character, may well have influenced the action of the legislature when it amended the section under consideration.

The provisions of the statute authorizing the company to

become a surety are part of the contract of suretyship, and were not waived by accepting the contract of indemnity, which expressly provides that acceptance of security or consideration should not "limit or abridge any right or remedy which the surety otherwise might have." We think, therefore, that the courts below fell into error when they held that section 812 did not apply to this case, and declined to pass upon any other question.

The appellant claims that the provisions of the section are mandatory, as the word "must" ordinarily excludes discretion. That word, however, is occasionally used in the Code without the imperative meaning which it usually has. (*Spears* v. *Mayor, etc.*, 72 N. Y. 442; *Wallace* v. *Feely*, 61 How. Pr. 225; affirmed, 88 N. Y. 646.) The provision requiring the court to "issue an order to show cause" implies that cause may be shown. It is more than a substitute for a notice of motion, for it is a specific requirement in a statute creating a special remedy, of which it is a part. There is no reason why the principal should be required to show cause, if no cause can be shown under any circumstances. When all the provisions of the section are read together, we think the court has a discretion to exercise depending on the facts of the case, and is not commanded to make a decree regardless of those facts. In other words, we construe the expression "a decree must be made" under the circumstances to mean "a decree may be made," and hence the Special Term had a discretion to exercise in the first instance and the Appellate Division by way of review. Neither court, however, exercised its discretion or considered the subject, because both held that section 812 did not apply to a surety company. The application of the company, therefore, has not yet been fully passed upon, so we are compelled to reverse the order appealed from and remit the proceeding to the Appellate Division for further action.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and LANDON, JJ., concur.

Order reversed, etc.