(50 Misc. Rep. 147)

### In re UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term.  March 26, 1906.)

PRINCIPAL AND SURETY—RIGHT TO DISCHARGE—COMPENSATION.

A surety on the bond of a fiduciary is, under Code Civ. Proc. § 812, providing that he "shall be entitled as a matter of right" to be discharged on application to the court, entitled to discharge during the year for which it has been paid a premium for being surety.

Appeal from City Court of New York, Special Term.

In the matter of the application of the United States Fidelity & Guaranty Company to be released on the bond of Arthur S. Corby, receiver.  From an order denying its application, the company appeals.  Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Leonidas Dennis, for appellant.

NEWBURGER, J.    Section 812 of the Code of Civil Procedure provides:

"The surety or sureties or the representatives of any surety or sureties upon the bond heretofore or hereafter executed, of any trustee, committee, guardian, assignee, receiver, executor, administrator or other fiduciary, shall be entitled as a matter of right to be, and shall be, discharged from liability as hereinafter provided, and to that end may on notice to the principal named in such bond apply to the court that accepted such bond or to the court of which the judge that accepted such bond was a member or to any judge thereof, praying to be relieved from liability as such surety or sureties for the act or omission of such principal occurring after the date of the order relieving such surety or sureties hereinafter provided for and that such principal be required to account and give new sureties.  Such notice of such application may be served on said principal personally within or without the state, or, not less than five days prior to the date on which such application is to be made, unless it satisfactorily appears to the court, or a judge thereof, that personal notice cannot be given with due diligence within the state, in which case notice may be given in such a manner as the court or a judge thereof directs.  Pending the hearing of such application the court or judge may restrain such principal from acting except to preserve the trust estate until further order."

Notice was served upon the receiver, the principal on the undertaking. He appeared by attorney, who filed an affidavit stating that he had paid the premium to the surety company for the term of one year and that the year had not yet expired. The court below thereupon denied the motion of the surety company for a discharge from future liability. The motion should have been granted. The surety company was entitled to the discharge as a matter of right, and the mere fact that compensation was received by the company for a period beyond the date of the return of the motion is not a defense, as the unearned premium could be recovered by the receiver upon demand in writing made upon the surety company.

The order appealed from must therefore be reversed, with $10 costs and disbursements. All concur.