Argued April 5, affirmed April 24, 1917.

# MARYLAND CASUALTY CO. *v.* KLABER'S ESTATE.

## (164 Pac. 574.)

**Appeal and Error—Review—Findings.**

1. On appeal in a proceeding at law, the findings of the trial court as to the facts are conclusive.

**Statutes—Construction—Adoption of Statute.**

2. When a statute of another state is adopted and enacted, it must be deemed to have been passed subject to the interpretation given it by the courts of the state of its origin.

**Trusts—Bond of Trustee—Relief from Liability—Showing of Misconduct—Statute.**

3. Under Section 685, L. O. L., providing that a surety upon the bond of any executor or other fiduciary may apply by petition to the court wherein the bond is directed to be filed, etc., praying to be relieved from further liability as surety, etc., the surety on the bond of trustees under a will was not entitled to be relieved of further liability upon its arbitrary demand to be relieved, without showing any fault, dereliction or misconduct on the part of its principals.

[As to discharge of surety for causes existing prior to his entering upon contract of suretyship, see note in 63 **Am. St. Rep.** 327.]

From Multnomah: T. E. J. DUFFY, Judge.

This proceeding was initiated by petition of the Maryland Casualty Company, a corporation, against the estate of Herman Klaber, deceased, Max Wolf and Herman A. Kaufman, as trustees, to be relieved from a surety bond. From a judgment denying the application, petitioner appeals. Affirmed.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This was a proceeding by plaintiff to be relieved from a surety bond given by it to secure the faithful performance of the duties of the trustees of Bernice Janet Klaber under the will of Herman Klaber, deceased. Herman Klaber died testate bequeathing the

sum of $100,000 to his daughter, Bernice Janet, and directing that his executors, Max Wolf and H. A. Kaufman, manage and invest such sum and pay it over to her upon her attaining the age of twenty-one years. The estate was probated and closed, and the probate court made an order turning over the amount bequeathed, less $950 inheritance tax, to the trustees named in the will upon their filing a bond in the sum of $99,050. The *cestui que trust* was then four years of age and the undertaking had seventeen years to run. The petitioner was the surety and the bond was in the usual form, being executed and filed in the probate court June 26, 1914. In the month of February, 1915, the plaintiff filed in the probate court a petition demanding to be discharged from liability on its bond and requesting the court to require the trustees to bring the estate in their hands into court and to settle an account showing their doings therein up to the time of such hearing. It also presented a notice reciting the fact that the money had been turned over to the trustees, and that the petitioner was surety on the bond given by them for the faithful discharge of their trust; that it was the understanding at the time such bond was given that the trust fund should be held under the joint control of the surety and the trustees; that the money had not yet been invested, but was in possession of one of the trustees and not subject to the joint control of the two nor of the petitioner. The petition stated on information and belief that it was the intention of the trustees to loan the trust funds to a corporation known as the Klaber Investment Company, in Lewis County, Washington, which company is engaged in the hop business; that the petitioner does not consider that a loan of this character is a proper investment of trust funds, and desires to have a settlement of accounts up to the

present time and to be released from further liability, and that the trustees be cited to appear and show cause why it should not be released from further liability on said bond.

The trustees being cited, appeared and answered denying that there was ever any understanding with petitioner that the fund should be under joint control of themselves, and further denied that the money was not yet invested, or that it was in possession of one of the trustees; and alleged that petitioner's agent solicited from the trustees the writing of said bond and that it was executed solely upon the understanding and agreement that the trustees would pay the premium demanded by petitioner and not otherwise; that the home office of the petitioner· became dissatisfied with the writing of said bond because it would continue for such a long period of time; that in order to relieve petitioner from anxiety in respect to the investment of said fund the trustees offered to invest it substantially as alleged in the petition, loaning $50,000 to the Klaber Investment Company, a corporation organized by Herman Klaber in his lifetime and substantially controlled by him, being at present owned by his widow. Said corporation having real and personal assets valued at from $175,000 to $200,000, and there being no liabilities except for current bills and ordinary expenses, other than a mortgage for $10,000 against which is an equal amount of cash on hand, the trustees offered to invest the remainder of said funds in a safe and conservative manner by the purchase of bonds or other securities satisfactory to the petitioner and to hold the same subject to joint control; that negotiations have been constantly going on between the trustees and plaintiff in respect to the matter, but no accommodation has been reached; that there has been no change in the

status of the parties or in the condition of the trust fund, and no impairment of the security thereof since the bond was executed.

Upon the trial the court made the following findings and conclusions:

"1. There has been no dereliction of duty on the part of the trustees of said Bernice Janet Klaber fund and no danger has been shown to the funds or property in the hands of the trustees, nor has there been any allegation in the petition of the surety company in which it seeks to be relieved from its obligation as surety that there was at any time a dereliction of duty on the part of the trustees or that the funds or property in the hands of the trustees were in any wise endangered.

"2. The testimony shows that the trustees are financially responsible and that the funds in their hands are safely and fully protected.

"3. There is no allegation in the petition of the surety company that it was induced by fraud or any improper representation to execute the bond, and no testimony has been offered tending to prove any such fraud or misrepresentation, but on the contrary the testimony establishes the fact that the bond was executed upon the solicitation of the surety company and its duly accredited agents.

"4. No valid reason has been shown in the pleadings or by the testimony to justify the application of the surety company for release from the obligation assumed by it in executing the said bond."

As conclusions of law the court finds:

"1. That the appeal taken by the surety company from the judgment and order of the county court was properly taken and that the appeal therefrom will lie from the county court to this court.

"2. That the appeal in this proceeding is in the nature of an appeal from the decree in an equitable proceeding.

"3. That the petitioner, the Maryland Casualty Company, has not shown itself entitled to the relief it seeks

and there is no valid ground upon which said surety company can be relieved from its obligation as surety on the bond of the trustees of the Bernice Janet Klaber fund.

"4. That the trustees are entitled to a judgment according to these findings and to recover its costs and disbursements herein."

Upon these findings there was a judgment denying the application, from which petitioner appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. F. C. Howell* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. Howell.*

For respondent there was a brief over the firm name of *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Joseph Simon.*

Opinion by Mr. Chief Justice McBride.

1. If according to plaintiff's contention, this application is to be treated as a proceeding at law, the findings of the court are conclusive here as to the facts. There remains but one question: Can the surety upon a bond of this character be relieved of further liability thereon upon his arbitrary demand to be so released and without showing any fault, dereliction or misconduct on the part of his principal? The decision of this matter hinges upon the construction of Section 685, L. O. L., which reads as follows:

"The surety, or representative of any surety, upon the bond, undertaking, or other obligation of any guardian, assignee, receiver, executor, administrator or other fiduciary, may apply by petition to the court wherein said bond is directed to be filed, or which may have jurisdiction of such guardian, assignee, receiver, executor, administrator, or other fiduciary, praying to

be relieved from further liability as such surety for the acts or omissions of the guardian, assignee, receiver, executor, administrator, or other fiduciary which may occur after the date of the order relieving such surety, to be granted as herein provided for; and for an order requiring such guardian, assignee, receiver, executor, administrator, or other fiduciary to show cause why he should not account and be relieved from any further liability as aforesaid, and that said principal be required to give a new bond. Thereupon, said court shall issue such order, returnable at such time and place and to be served in such manner as said court shall direct, and may in the meantime restrain such guardian, assignee, receiver, executor, administrator, or other fiduciary from acting, except in such manner as said court may direct, for the preservation of the trust estate. If the principal in such bond, undertaking, or other obligation account in due form of law and file a new bond, undertaking, or other obligation, duly approved within the time limited in such order, then said court must make an order releasing said surety filing petition as aforesaid from liability upon the bond for any subsequent act or default of the principal; and in default of said principal thus accounting and filing such new bond within the time limited in such order, said court shall at once make an order directing such guardian, assignee, receiver, executor, administrator, or other fiduciary to account in due form of law within ten days—and if the trust fund or estate shall be found or made good and paid over, or properly secured, such surety shall be discharged from any and all further liability as such for the subsequent acts or omissions of the guardian, assignee, receiver, executor, administrator, or other fiduciary after the date of such surety being relieved or discharged—and further discharging such guardian, assignee, receiver, executor, administrator, or other fiduciary from his position.''

The above section was enacted in 1899, and is substantially taken from Section 812, N. Y. Code of Civ. Procedure, as amended by Chapter 568, Laws N. Y.,

passed May 13, 1892.   For the purposes of comparison we give the corresponding section in said compilation:

"The surety or sureties or the representatives of any surety or sureties upon the bond of any trustee, committee, guardian, assignee, receiver or executor may present a petition to the court or judge that appointed him, or that approved or accepted such bond, praying to be relieved from further liability as surety or sureties for the acts or omissions of the trustee, committee, guardian, assignee, receiver, or executor occurring after the date of the order relieving surety or sureties, and that the principal on the bond be required to show cause why he should not give new sureties. Thereupon the court or judge must issue the order to show cause accordingly and may restrain such trustee, committee, guardian, assignee, receiver, or executor from acting, except to preserve the trust estate until further order.   Upon the return of the order so issued, if the principal in the bond file a bond in the usual form, with new sureties to the satisfaction of the court or judge then, within such reasonable time, not exceeding five days, as the court or judge fixes, the court or judge must make a decree or order releasing the surety or sureties petitioning from liability upon the bond for any subsequent act or default of the principal; otherwise a decree must be made that such trustee, committee, guardian, assignee, receiver, or executor account before the court or judge, or a referee appointed, and that upon the trust fund or estate being found or made good and paid over or properly secured, the surety or sureties shall be discharged from any and all further liability as such of the subsequent acts or omissions of the trustee, committee, guardian, assignee, receiver or executor occurring after the date of his or their being so relieved or discharged, and discharging such trustee, committee, guardian, assignee, receiver, or executor."

2. Previous to its adoption here this section had been construed by the court of appeals of the state of its origin, and according to the commonly accepted rules

of construction it must usually be deemed to have passed here subject to the same interpretation given it by the courts of the state where it originated: *Putnam v. Douglas County,* 6 Or. 328 (25 Am. Rep. 527); *State v. Finch,* 54 Or. 482 (103 Pac. 505); *Jamieson v. Potts,* 55 Or. 292 (105 Pac. 93, 25 L. R. A. (N. S.) 24); *Abraham v. Roseburg,* 55 Or. 359 (105 Pac. 401, Ann. Cas. 1912A, 597); and many other cases. The statute last above quoted came up for construction in *American Surety Co. v. Thurber,* 162 N. Y. 244 (56 N. E. 631), and the same contention was made in that case as is made by the plaintiff here, in answer to which the court said:

"The appellant claims that the provisions of the section are mandatory, as the word 'must' ordinarily excludes discretion. That word, however, is occasionally used in the code without the imperative meaning which it usually has. (*Spears v. Mayor etc.,* 72 N. Y. 442; *Wallace v. Feely,* 61 How. Pr. 225, affirmed 88 N. Y. 646.) The provision requiring the court to 'issue an order to show cause,' implies that cause may be shown. It is more than a substitute for a notice of motion, for it is a specific requirement in a statute creating a special remedy, of which it is a part. There is no reason why the principal should be required to show cause, if no cause can be shown under any circumstances. When all the provisions of the section are read together, we think the court has a discretion to exercise depending on the facts of the case, and is not commanded to make a decree regardless of those facts. In other words, we construe the expression 'a decree must be made' under the circumstances to mean 'a decree may be made.' "

This construction is emphasized by the fact that in 1895 the legislature of New York again amended Section 812 by providing in effect that upon notice and accounting, etc., "the surety * * *shall be entitled as*

*a matter of right to be and shall be discharged* from lia-
bility.''   Subsequent to the latter amendment the same
court in the case of *In re United States Fidelity &
Guaranty Company,* 50 Misc. Rep. 147 (98 N. Y. Supp.
217), held that under its provisions the surety had an
absolute right to be released.

3. No such change has been made in our statute, and
until such amendment is made we are disposed to fol-
low the rule laid down in *American Surety Co.* v. *Thur-
ber,* 162 N. Y. 244 (56 N. E. 631), which seems to us to
be only fair in requiring a surety who enters into a con-
tract for an agreed consideration to abide by it so long
as the other party to the agreement faithfully performs
the conditions of his trust.

Counsel for appellant cite a number of cases holding
under statutes varying in their terms somewhat that
sureties have a peremptory right upon petition for that
purpose to be relieved from further liability for the
acts or omissions of their principals, but in none of
these is there a provision requiring the principal to
show cause why the surety shall not be relieved, except
in the case of *In re United States Fidelity & Guaranty
Company,* 50 Misc. Rep. 147 (98 N. Y. Supp. 217),
which, as before shown, depends upon a provision of
the statute expressly providing that they shall be dis-
charged ''as a matter of right.''   The other cases are:
*Kempner* v. *Galveston Co.,* 73 Tex. 216 (11 S. W. 188);
*Sifford* v. *Morrison,* 63 Md. 14; *March* v. *Fidelity &
Deposit Co. of Maryland,* 79 Md. 309 (29 Atl. 521);
*Cochies Co.* v. *Ritter,* 3 Ariz. 208 (73 Pac. 448); *United
States Fidelity & Guaranty Co.* v. *Peebles,* 100 Va. 585
(42 S. E. 310).   As before remarked there is no pro-
vision in any of the statutes of these states permitting
or requiring the principal to show cause why the surety
should not be discharged, and this differentiates them

from the case at bar. It would certainly be an anomaly if a party should be required by law to appear and show cause why the court should not make an order which it was imperatively commanded to enter no matter what showing the party cited might be able to make.

The views here announced render unnecessary a consideration of the other questions discussed on the hearing. The judgment is affirmed.          AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE BEAN concur; MR. JUSTICE MCCAMANT not sitting.