Matter of the Estate of KITTIE E. BUTTS, Deceased.

(Surrogate's Court, Suffolk County, November, 1919.)

Executors and administrators — surety company cannot take pos-
session of funds of an estate — right of surety to be relieved
from a bond not absolute — administrator cannot transfer
assets of an estate to a surety — Code Civ. Pro. §§ 813, 2576,
2664-a.

A surety on the bond of an administrator cannot by law
act as custodian of or take possession of the funds of the
estate, nor can the administrator lawfully transfer the assets
to his surety, and if he does he is guilty of a misdemeanor
under section 2664-a of the Code of Civil Procedure.

Section 2576 of the Code of Civil Procedure relating to
the deposit of securities to reduce the penalty of the bond
required by a surrogate from an administrator, etc., read in
connection with section 813 of said Code, amply protects an
estate and permits the surety company on the bond of an
administrator to protect itself on the smaller bond by a
deposit with a trust company or safe deposit company author-
ized by law to do business as such.

The petition of the surety company on the bond of an
administrator to be released therefrom, upon the sole ground
that he has not turned over the assets of the estate to the
petitioner as required at the execution of the bond, will be
dismissed.

PETITION by a surety company to be released from
its bond.

Leonidas Dennis, for petitioner.

William C. Greene, for administrator.

STRONG, S. The surety company on the bond of the
administrator has asked to be released from the bond

as its petition recites because the administrator has not turned over the assets of the estate to the surety company as he had agreed to do at the time of obtaining the bond.

That the right to be relieved from a bond is not absolute and that a petition for such relief must be based upon some grounds found reasonable by the presiding judge to whom the application is made has been held by our highest court. It has also been held that the provisions of sections 812, 2579 and 2580 of the Code apply to surety company bonds as well as to those of individual sureties. That these provisions of the Code are not mandatory and that the court has a discretion in the first instance upon the filing of the petition to be relieved and that the court is not commanded to make a decree relieving the surety regardless of the facts in the case has been held in *Matter of Thurber,* 162 N. Y. 244, 252.

The application to be relieved is based *solely* upon the ground that the administrator has not turned over the assets of the estate to the surety company as he had agreed to do. We must first inquire whether the surety was in a position to demand that the administrator turn over to it the assets of the estate. Under its articles of incorporation, as permitted by the laws of the state of New York, a surety company is allowed by law to write bonds and undertakings, making a charge by way of premium for the services rendered. It performs the services permitted by law for a yearly premium on the bond or undertaking, or for a given sum. No other or greater power is given the surety or bonding company by statute. It therefore cannot act as depositary for court or trust funds or securities, nor can it perform the duties of an executor, administrator, guardian, or trustee, or otherwise act in a fidu-

ciary capacity, itself, or jointly with others. It follows that it could not by reason of any authority given it by law act as custodian of, or take possession of, the funds of this estate.

We will now inquire into the power of the administrator, or his authority, if any, to transfer the assets of the estate to the surety company. At the outset we find that it has been held in an early case that an attempted transfer of the assets of the estate to a surety is an illegal act and is sufficient cause to justify the revocation of letters testamentary. *Fleet* v. *Simmons,* 3 Dem. 542. Nevertheless surety companies have continually demanded and administrators, executors, guardians, trustees and others acting in a fiduciary capacity, insured by them, have acceded to these demands and have turned over the property of the estate to the surety company. It becomes a matter of importance to determine the effect of a transfer of the assets of an estate by those acting in a fiduciary capacity to a surety company. We have seen that the early case (*Fleet* v. *Simmons, supra*), held that such an act was sufficient ground for the revocation of letters testamentary. As the practice continues and possession of the assets of an estate is frequently taken by a surety company under the plea and misnomer of joint control, it is well to ascertain what penalties attach and what course is open to the administrator, executor, guardian or trustee in order to avoid the demands of a surety company " that the assets of the estate be turned over to it; " also what protection the surety company may seek under the provisions of law.

Section 2664-a of the Code reads as follows:

" § 2664-a. Funds of estates to be kept separate. Every executor, administrator, guardian, or testamentary trustee shall keep the funds and property

received from the estate of any deceased person separate and distinct from his personal fund and property. He shall not invest the same or deposit the same with any person, association or corporation doing business under the banking law or other person or institution in his own name, but all transactions had and done by him shall be in his name as such executor, administrator, guardian or testamentary trustee.

"Any person violating the provisions of this section shall be guilty of a misdemeanor."

Section 813 of the Code, general, provides:

" § 813. * * * It shall be lawful for any party of whom a bond or undertaking is required to agree with his sureties for the deposit of any or all moneys for which such sureties are or may be held responsible with a trust company authorized by law to receive deposits, if such deposit is otherwise proper, and for the safe-keeping of any or all other depositable assets for which such sureties may be held responsible, with a safe-deposit company authorized by law to do business as such, in such a manner as to prevent the withdrawal of such moneys and assets, or any part thereof, except with the written consent of such sureties, or an order of the court made on such notice to them, as it may direct."

It will be noted that the above section, general in its application, permits a deposit of the moneys and assets of an estate with a trust company or safe-deposit company, " authorized by law." There is no provision for a deposit with the surety company. The surety company is entitled to such notice of withdrawal, as the court may direct, of all moneys and assets deposited with the trust or safe-deposit company.

Section 2576 of the Code, specially applicable to

Surrogate's Court, Suffolk County, November, 1919.    [Vol. 109.

Surrogates' Courts, is even broader and more helpful to the holder of trust funds than the general provisions of section 813 of the Code, and provides:

" § 2576. Deposit of securities to reduce penalty of bond. In a case where a bond, or new sureties on a bond, may be required by a surrogate from an executor, administrator, guardian, or testamentary trustee, if the value of the estate or fund is so great that the surrogate deems it inexpedient to require security in the full amount prescribed by law, he may direct that any securities for the payment of money, belonging to the estate or fund, be delivered to the county treasurer, or chamberlain, or be deposited subject to the order of the executor, administrator, guardian or testamentary trustee, countersigned by the surrogate, with a trust company, bank or safe deposit company. After such a deposit has been made, the surrogate may fix the amount of the bond with respect to the value of the remainder only of the estate or fund. A security thus deposited shall not be withdrawn from the custody of the depositary, and no person other than the county treasurer, chamberlain or the proper officer of the depository, shall receive or collect any of the principal or interest secured thereby, without the special order of the surrogate."

It will be seen that this section of the Code permits the holder of a trust fund to reduce the amount of his bond and to deposit the assets of the estate directly under a court order and subject to the special order of the surrogate. This provision read with section 813 of the Code amply protects the estate and permits the surety company to protect itself on the smaller bond by a deposit as provided in section 813, with a trust company or safe-deposit company " authorized by law." The petitioner here has not availed itself of the

provisions of the law but has attempted to acquire that which it is not permitted by law to possess. Its efforts to short cut the law cannot be approved.

A cursory review will demonstrate the wise provisions of the law in prohibiting the turning over of the assets of the estate to the surety. In *Matter of Kass,* in bankruptcy in the eastern district of New York, not reported, a private banker, insolvent, was permitted by a former superintendent of state banks to file a bond of indemnity with the department in a sum determined by the superintendent and the banker gave the surety company a first mortgage on his banking house real estate buildings in the same amount to indemnify the surety company against loss on the bond, only to later go into bankruptcy and to have the superintendent of banks consent to the turning over of the mortgaged property to the surety company upon the payment of the amount of the bond. In that case there was no real liability on the bond and no real security to the depositors, nor was there an earned premium. We have had the history of an indemnity company failing and the holders of the trust funds deposited being required to proceed at law and then to pro rate on their losses. An added expense to the estate with an additional loss. A case recently occurred in this court where an executor was under subpœna to produce the assets of the estate in court and the surety company having refused to give him the assets a default was taken with the resulting delay to the proceedings. The above proceedings in so far as they apply conclusively show the necessity of strict conformity with the provisions of law. The deposit sought by the surety company but adds to the risk of the assured.

The surety company having asked to be relieved

from the bond on insufficient grounds and on grounds which are not sustained by the law and having asked the administrator to perform an act contrary to law and not within his control or authority, the petition is dismissed.

Decreed accordingly.