In the Matter of the Estate of LEIJE GITEL SCHACHNE, Also Known as LEIJE G. SCHACHNE, Deceased.

Surrogate's Court, Kings County, November 10, 1939.

*Abraham Schachne,* for Selig Schachne and Isaac Schachne, sureties, petitioners.

*Alfred Nagelberg,* for Harry Schachne, as administrator, etc., respondent.

WINGATE, S. This is an application by sureties under section 109 of the Surrogate's Court Act to secure a release from further liability on the bond of the administrator. Certain equitable considerations have been advanced why such relief should not be accorded and the issue has been raised as to the authority of the court for its denial.

The germ of section 109 is found in chapter 460 of the Laws of 1837, which provided in section 29 that " when either or all of the sureties of any administrator shall desire to be released from responsibility on account of the future acts or defaults of such administrator, they may make application to the surrogate who granted letters of administration, for relief." Section 30 then enacted:

" The surrogate shall thereupon issue a citation to such administrator requiring him to appear before such surrogate * * * and give new sureties in the usual form."

These provisions were continued substantially unaltered until the enactment of the old Code of Civil Procedure, when their substance was incorporated in two places, namely, in section 812 and in section 2600, the former referring to procedure in the Supreme Court, and the latter, in Surrogates' Courts.

In 1900 section 812 was construed by the Court of Appeals in *Matter of Thurber* (162 N. Y. 244, 252), which determined that a discretionary authority was conferred upon the court by the language of the section, to deny the request of the surety for release.

At the succeeding session of the Legislature both sections were amended (Laws of 1901, chap. 524). It was thereupon provided in section 812 that " the surety * * * shall be entitled as a matter of right to be * * * discharged." Section 2600 was also slightly altered but in a manner of doubtful sufficiency to nullify the *Thurber* ruling.

These enactments were respectively carried forward into sections 812 and 2579 of the revised Code. In neither was any alteration, which is here material, made in the language previously existing.

Upon the enactment of the Practice Acts, section 812 of the Code found its way into section 158 of the Civil Practice Act and section 2579 into section 109 of the Surrogate's Court Act. The former continued the previous language, inserted in 1901, that " the surety * * * shall be entitled as matter of right to be * * * discharged," whereas the enactment respecting sureties in Surrogates' Courts still omitted it.

This difference was finally eliminated by chapter 584 of the Laws of 1922, which incorporated into section 109 of the Surrogate's Court Act language identical in this regard with that inserted in section 812 of the old Code in 1901, namely, that " the surety * * * shall be entitled as a matter of right to be * * * discharged."

The immediate reason for this last enactment, which had the effect of bringing the two statutes into uniformity, appears to have been the decisions in *Matter of Butts* (109 Misc. 348; revd., 194 App. Div. 972). In this proceeding the surrogate, acting pursuant to the statute which applied to Surrogates' Courts, and relying on the decision in *Matter of Thurber*, held that a petition of a surety in such a situation was addressed to the discretion of the court, determined that the grounds advanced for the release were insufficient and denied the application.

The Appellate Division, in unanimously reversing this result, did so " on the ground that the surety was entitled to its discharge as provided by section 812 of the Code of Civil Procedure, as amended by Laws of 1901, chapter 524, as a matter of right." In this decision the Appellate Division followed a somewhat earlier similar ruling in *Matter of Kopp* (168 N. Y. Supp. 944, not otherwise reported).

The anomalous condition of the law being thus developed, the enactment making the two statutes identical in this particular followed promptly.

Since the present language of section 109 of the Surrogate's Court Act, so far as here material, is exactly the same as that of section 812 of the Code of Civil Procedure which was determined by the Appellate Division of this department to accord the surety an absolute right to be relieved of future liability on its bond, the surrogate possesses no authority to deny its prayer for such relief.

It follows that the present application of the sureties to be relieved from further liability on the bond of the administrator must, accordingly, be granted and the latter will be directed to file a bond with new sureties within five days, in default of which an order will issue revoking his letters and directing him to file and proceed to settle his account within twenty days.

Enter order on notice in conformity herewith.