An order may therefore be prepared denying the motion.

Motion denied.

(61 Misc. Rep. 542.

### In re AMERICAN SURETY CO. OF NEW YORK.

(Surrogate's Court, Kings County.   December, 1908.)

1. GUARDIAN AND WARD (§ 177*)—DISCHARGE OF SURETY.

Under Code Civ. Proc. § 812, as amended by Laws 1901, p. 1290, c. 524, a surety on a guardian's bond is entitled to be discharged from liability as a matter of right on notice to the principal.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 607, 617, 618; Dec. Dig. § 177.*]

2. GUARDIAN AND WARD (§ 177*)—DISCHARGE OF SURETY—RETURN OF PREMIUM PAID.

On an application by a surety company to be discharged from the guardian's bond, the court cannot impose as a condition that the premiums paid by the guardian to the surety shall be repaid, where no written demand was made as provided by Code Civ. Proc. § 812, as amended by Laws 1901, p. 1290, c. 524.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 617, 618; Dec. Dig. § 177.*]

Application of the American Surety Company of New York to be released as surety on the bond of Olive F. Bleakney and Cornelia C. Bleakney.   Application granted.

Henry C. Willcox, for petitioner.

Edward J. Flanagan, for guardians.

KETCHAM, S.   The application of the surety to be relieved from the bond given in behalf of the guardians of the infant above named, together with three similar applications affecting other infants of the same family, must be granted.   Section 812 of the Code provides that the surety "shall be entitled as a matter of right to be, and shall be, discharged from liability as hereinafter provided," and the section thereinafter prescribes as the method of discharge notice to the principal, application to the court and a decree or order, which "must be made," if the principal fail to file a new bond.

Upon these motions, both the text and the history of this enactment exclude the exercise of any discretion, or the application of any view which might occur to a fair and righteous mind.   In 1900 the section so stood that the Court of Appeals interpreted it to require, from the court or judge to whom the surety's application was addressed, the exercise of discretion after the examination of the facts of the given case.   Matter of Thurber, 162 N. Y. 244, 56 N. E. 631.   But at the session of the Legislature which followed that decision the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

words above quoted were introduced into the statute, so that the relief, which was formerly to be granted or withheld upon a fair review of the circumstances, has now become "matter of right," removed from judicial inquiry, and the surety must be relieved just because it wants to be relieved. Laws 1901, p. 1290, c. 524. The older section prescribed an order to show cause, which in the case cited was held to imply that cause might be shown against the application, and that, upon the appearance of cause, the prayer of the surety might be denied. For the order to show cause the amendment substituted an "application" upon notice, from which no implication results such as was deduced from the words "order to show cause."

There is no reason in these cases for discharging the surety except its desire. Save for the limits to which the Code has been trimmed, there would be good reason why the relief should be refused. The court is forbidden to regard the undisputed facts that the guardians have been precise and faithful in their observance of duty; that when the bonds were given the guardians paid the surety a premium in consideration of which the surety agreed to remain as bondsman for one year, which has not yet expired; that since the making of this agreement the surety bound in this case has, in combination with other surety companies in this city, raised the rates and premiums charged for acting on official bonds; and that it is now impossible to get a bond from any surety company, except at a uniform rate higher than that charged on the bonds in question. The guardians pray that, if these applications be granted, it shall be upon condition that the premiums which they have paid the applicant for service during the term of the contract above stated be repaid; but the Code, as now fashioned, leaves no power in the court to impose terms for the exercise of an unqualified right. The privilege that the "surety * * * shall return any compensation that has been paid for the unexpired portion of such suretyship," which is given in the last sentence of section 812, depends upon a written demand, of which no proof is made, and it cannot be awarded on these motions.

Let orders be presented for the discharge of the surety and for the filing of new bonds.

Application granted.