In the Matter of GEORGE MIDDLEBROOK, an Incompetent Person.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant; MARGARET MIDDLEBROOK, as Committee of GEORGE MIDDLEBROOK, an Incompetent Person, et al., Respondents.

Argued April 18, 1939; decided May 23, 1939.

*Samuel Gottesman* and *Alfred A. Walter* for appellant. The order, in so far as it directs the appellant, as a con-

dition precedent to its release from liability, pursuant to section 158 of the Civil Practice Act, to pay the fees of the special guardian, is erroneous. The court had no power to impose terms for the granting of that to which the appellant was entitled as a matter of right. (*Matter of American Surety Co.*, 61 Misc. Rep. 542; *Matter of United States Fidelity & Guaranty Co.*, 194 App. Div. 972; *Matter of Columbia Casualty Co.*, N. Y. L. J. April 12, 1937.)

*James J. McCulloch* for Margaret Middlebrook, as committee, respondent.

*William A. Gillcrist* and *James A. Clark* for United States Veterans' Administration, respondent. The court properly exercised its discretion in directing that the special guardian's fee be paid directly by the appellant. (*Matter of Hidden*, 243 N. Y. 499; *Stevens* v. *Central Nat. Bank*, 168 N. Y. 560; *Wilcox* v. *Wilcox*, 14 N. Y. 575; *Matter of Brock*, 245 App. Div. 5; *Matter of Conlin*, 212 App. Div. 832; 240 N. Y. 646; *Matter of Watkins*, 118 Misc. Rep. 645.)

*Edward V. Gross*, special guardian, respondent. When a surety, for no reason other than its own wish to be relieved from liability, applies for release from liability, the court should require it to pay the expenses of the proceeding made necessary by such application. (*Matter of Hidden*, 243 N. Y. 499; *Sporza* v. *German Sav. Bank*, 192 N. Y. 8; *Carter* v. *Beckwith*, 128 N. Y. 312; *Matter of Erlanger*, 153 Misc. Rep. 573; *Siebert* v. *Milbank*, 95 App. Div. 566; 180 N. Y. 535; *Downing* v. *Marshall*, 37 N. Y. 380; *Osborn* v. *Cardeza*, 208 N. Y. 131; *Ochs* v. *Maydole Hammer Co.*, 138 Misc. Rep. 665; *National Surety Co.* v. *Stallo*, 171 App. Div. 206; 226 N. Y. 707.)

CRANE, Ch. J. The Appellate Division has certified the following question in allowing an appeal to this court: " Did the Supreme Court have the power to impose the terms embodied in the order of August 26, 1938, as a condition to the surety's discharge? "

The condition referred to is the payment to the special guardian of an incompetent veteran of the sum of seventy-

five dollars fixed and allowed by the order as his fees for his services as such special guardian in the accounting proceeding.

In March, 1925, Margaret Middlebrook was appointed committee of the estate of George Middlebrook, an incompetent veteran. The appellant Indemnity Insurance Company of North America became the surety on her bond of $2,500. In May of 1937 the appellant moved, pursuant to section 158 of the Civil Practice Act, for an order relieving it from future liability and directing the committee to file a new bond within five days, and to account, up to the date of the filing and approval of said new bond. An intermediate order was made in May, 1937, granting appellant's application to be relieved from future liability and directing the committee to account for all her acts and proceedings up to and including the date of said order. The order also appointed the special guardian, authorizing him to appear and protect the interests of the incompetent in said proceeding. The account was filed and received the approval of the special guardian who reported that the committee had properly accounted for $13,015.83, compensation received from the Veterans' Administration, plus $876.27, proceeds of adjusted service certificates; and had also accounted for disbursements of $13,887.07, leaving a balance and deposit in the Bank of Manhattan of $5.03.

In July, 1938, the appellant applied to have the account judicially settled, which application was not opposed by any party, except that the attorney for the committee requested that the appellant be compelled to pay the fees of the special guardian and those of the committee's attorney. A like request was made by the Veterans' Administration. On August 26, 1938, an order was made judicially settling the account of the committee as filed, directing the filing of a new surety bond in the sum of $2,000; also directing the committee to pay to the appellant past due bond premiums out of any funds which might come into her hands belonging to the incompetent, allowing the committee statutory commissions in the amount of

$375.42, and directing that the appellant, as a condition precedent to its release of liability, pay to the special guardian the sum of $75 fixed and allowed him by said order as his fee.

The appeal, as before stated, is from that portion of the order which directs the appellant, as a condition precedent to its release, to pay the fees of the special guardian. In this matter we are controlled entirely by statute. Prior to 1901, section 812 of the Code of Civil Procedure, now section 158 of the Civil Practice Act, was held to vest in the court discretion as to whether a surety's application to be released should or should not be granted. (*Matter of Thurber*, 162 N. Y. 244.) Thereafter the section was amended by chapter 524 of the Laws of 1901, so as to include the following words: " shall be entitled as a matter of right to be, and shall be, discharged from liability as hereinafter provided." The change or amendment was to give to the surety the privilege of being discharged upon accounting, as matter of right, and not in the discretion of the court. Our present section 158 of the Civil Practice Act, a continuation of section 812 of the Code of Civil Procedure, reads, so far as pertinent:

" Discharge of surety. 1. The surety * * * upon the bond * * * of any * * * committee * * * shall be entitled as a matter of right to be, and shall be, discharged from liability as hereinafter provided, and to that end, on notice to the principal named in such bond, may apply to the court that accepted such bond or to the court of which the judge that accepted such bond was a member or to any judge thereof, praying to be relieved from liability as such surety * * * for the act or omission of such principal occurring after the date of the order relieving such surety * * * hereinafter provided for and that such principal be required to account and give new sureties."

The respondents argue that, as the surety company desires to be discharged and can only be relieved from further liability after an accounting, that all necessary

steps, including the appointment of a special guardian, have been forced by the surety's application, and consequently the surety should pay the expenses thus incurred in its behalf. There is some reason and force in the argument, but it runs counter to the express words of the statute which took from the courts any discretion in the matter. The discharge of the surety from future liability, in other words, discharge from its bond, is now a matter of right. The accounting is required to determine in the first instance the condition of the estate and the possible liability of the surety for any defalcations. We do not see how the surety can be charged with the expenses, including the fees of special guardian, without reviving a discretion in the courts, which the Legislature has taken away. Apparently there has been very little trouble arising out of this provision, although there must have been innumerable applications for discharge by sureties during the past thirty-eight years. Reference may be made to *Matter of American Surety Co.* (61 Misc. Rep. 542); *Matter of U. S. Fidelity & Guaranty Co.* (*Butts*) (194 App. Div. 972) and to the action of Surrogates under a similar provision applying to their courts, section 109 of the Surrogate's Court Act, which will be found in said *Matter of American Surety Co.* (61 Misc. Rep. 542) and *Matter of Columbia Casualty Co.* (appearing in New York Law Journal of April 12, 1937), a decision of Surrogate WINGATE, of the Surrogate's Court, Kings county. These decisions indicate that the courts have understood the rule to be as we have expressed it — that the discharge was a matter of right, permitting of no conditions.

This decision of course is based solely upon the facts as presented. A different question might arise where expense has been necessitated by some act or default upon the part of the surety company or its insured.

For these reasons the orders in so far as appealed from should be reversed, with costs in all courts, and the question certified answered in the negative.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.